UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| NATHANIEL WAYNE FELTNER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:21-CV-91-TAV-CRW |
| JOSCELYN K. PEREZ,<br>TREVOR SNOWDEN,<br>ANDREA MOORE,<br>CHAD MULLINS,<br>ESCO R. JARNAGIN,<br>W. DOUGLAS COLLINS,<br>TERESA WEST,<br>PATTI PROFFITT, and<br>HAMBLEN COUNTY DISTRICT<br>ATTORNEYS OFFICE, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motions to dismiss [Docs. 21, 28, 31]. Plaintiff has not responded to any of these motions, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court will **GRANT** defendants' motions to dismiss [Docs. 21, 28, 31], and this action will be **DISMISSED**.

**I.    Background**

In his complaint, Plaintiff states that the grounds for his claim are that "[o]fficers falsified official government documents and filed falsified official government documents to allow a criminal to not be held responsible for his crime" and that the Hamblen County Judicial System "aid[ed] and abet[ed] a criminal to walk away without verifying any

paperwork" [Doc. 1, p. 1]. Plaintiff relates that, on May 18, 2018, he was in a single-vehicle accident while riding as a passenger in a Pros Roofing company van driven by his boss, Clifford J. Atkins [*Id.* at 3]. After the accident, Atkins drove plaintiff to the Morristown Hamblen Hospital emergency room and left plaintiff there. Plaintiff states that he was later transferred to the University of Tennessee Medical Center and was discharged from the hospital on May 20, 2018. On May 21, 2018, he called the Hamblen County Sheriff's Office ("HCSO") and discovered that no police report had been filed regarding the accident. Ultimately, plaintiff met with HCSO Officer Joscelyne K. Perez, and accompanied Officer Perez to the accident scene. Three other officers met plaintiff and Officer Perez at the scene and plaintiff explained how the accident occurred. The officers took pictures of the scene, picked up some evidence, and informed plaintiff that he would hear something in a few days.

Thereafter, plaintiff repeatedly called the HCSO, but "no one kn[ew] [any]thing about the report [he] filed" [*Id.*]. Plaintiff asked to speak to the Internal Affairs Department but was informed that HCSO does not have an Internal Affairs Department. Plaintiff then contacted the Morristown Police Department, the Tennessee State Trooper's Office, and the Tennessee Bureau of Investigation, all of whom informed him that nothing could be done. Finally, in June 2018, plaintiff was informed that he could pick up a copy of the police report at the HCSO. Plaintiff drove to the office, picked up the report, and inquired about a court date, but was told that the sheriff's office did not know about court dates, and he would have to contact the district attorney's office. Plaintiff then went to the district

attorney's office but "no one knew what [he] was talking about." Eventually, someone informed him that his court date was July 11, 2018 [*Id.*].

Plaintiff complains that, on the police report, Officer Perez included inaccurate or incomplete information in various respects, failed to charge Atkins with the more serious charge of leaving the scene of an accident with serious bodily injury or for not having commercial insurance, and cited Atkins instead of arresting him [*Id.* at 3–4]. Plaintiff also states that the HCSO incident report contained various misstatements [*Id.* at 4]. Plaintiff further states that Officer Perez and Hamblen County Court Clerk Teresa West swore that the "Tennessee Multiple Offense Citation" was true to the best of their knowledge, but the citation contained numerous errors [*Id.* at 4–5]. Finally, regarding the criminal complaint, plaintiff states that Officer Perez and Hamblen County Deputy Clerk Patti Proffitt signed this document with a misspelling of Atkins's last name as well as other errors, and Hamblen County General Sessions Judge W. Douglas Collins "defiled the document by scribbling out a charge as well as the July 11[,] 2018 court date with nothing being scribbled out being initialed" [*Id.* at 5].

Plaintiff further alleges that, on July 11, 2018, he arrived at the Hamblen County General Sessions Court and observed the bailiff repeatedly waking Atkins up instead of arresting him for public intoxication [*Id.*]. Plaintiff alleges that no one talked to him prior to the hearing, and he suddenly heard "do we all agree to drop all charges against Clifford J. Atkins," at which point plaintiff interjected that he was the victim and did not agree. As a result, Judge Collins postponed the hearing until August 9, 2018 [*Id.*].

3

Plaintiff alleges that, on August 9, 2018, he was not permitted to speak at the hearing and was "told to hush" [*Id.*]. He states that he watched the district attorney and Judge Collins "abuse their power in allowing a criminal to have charges dismissed and not be held legally liable." Plaintiff states that Judge Collins and the district attorney's office decided, despite the evidence, to dismiss the charges of leaving the scene of an accident, violation of registration law, and no insurance [*Id.* at 5–6]. Plaintiff alleges that Atkins was ultimately charged only with failure to exercise due care and received only a $10 fine [*Id.* at 6]. Further, plaintiff complains that Judge Collins and the district attorney's office "pretend[ed] the court date of May 23, 2018 never existed and did not press charges for failure to appear" [*Id.*].

Plaintiff states that he is suing: (1) Officer Perez in her official capacity for falsifying official government documents and filing falsified official documents; (2) Officers Trevor Snowden and Andrea Moore in their official capacity for aiding and abetting the falsifying of official documents and aiding and abetting the filing of falsified official documents; (3) Sheriff Esco R. Jarnagin, in his official capacity, and West and Proffitt, in their official capacities, for aiding and abetting the falsifying of official documents and filing falsified official documents; and (4) the district attorney's office, in their official capacity, and Judge Collins, in his official capacity, for abuse of power, accepting falsified official government documents, and negligence [*Id.* at 6–7]. Plaintiff requests judgment against the defendants in their official capacity for $5,000,000 [*Id.* at 7].

Defendants have now moved to dismiss this case for lack of jurisdiction and failure to state a claim [Docs. 21, 28, 31]. Defendants allege that, *inter alia*, plaintiff filed his complaint outside the relevant statute of limitations [Doc. 22, pp. 4–5; Doc. 29, pp. 4–5; Doc. 32, pp. 5–6], has not stated a claim for relief under *Monell*[1] [Doc. 22, pp. 6–7; Doc. 32, pp. 6–7], and has not alleged the violation of any constitutional right as required by 42 U.S.C. § 1983 [Doc. 29, pp. 5–7].

## II.     Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal citations and quotation marks omitted). Dismissal under Rule 12(b)(6) "is proper when there is no set of facts that would allow the plaintiff to recover." *Carter by Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("To survive a motion to dismiss

---

[1] *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978).

5

under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.").

## III. Discussion

As an initial matter, the Court notes that plaintiff does not clearly specify any legal basis for his claims in the complaint [*See* Doc. 1]. However, all defendants agree that plaintiff's allegations are most appropriate construed as allegations of civil rights violations under 42 U.S.C. § 1983 [Doc. 22, p. 4; Doc, 29, p. 4; Doc. 32, p. 5]. The Court agrees that, with the exception of plaintiff's claims against the HCDAO and Judge Collins for negligence, plaintiff's claims are most properly construed as seeking relief under § 1983. In so finding, the Court notes that, absent construing plaintiff's claims as arising under some federal law, the Court would lack subject matter jurisdiction, as plaintiff has not asserted diversity of citizenship, nor does there appear to be complete diversity of citizenship in this case. *See* 28 U.S.C. §§ 1331, 1332 (providing for federal jurisdiction over cases involving a federal question or diversity of citizenship, respectively). Thus, although a plaintiff bears the burden of establishing that jurisdiction exists, *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991), in light of plaintiff's pro se status, the Court will liberally construe his complaint as alleging claims under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that pro se complaints should be construed liberally).

### A. Statute of Limitations

Defendants contend that plaintiff's § 1983 claims are barred by the applicable one-year statute of limitations in Tennessee [Doc. 22, pp. 4–5; Doc. 29, pp. 4–5; Doc. 32, p. 5]. Defendants also argue that state law claims under the TGTLA must be commenced with 12 months after the cause of action arises [Doc. 22, p. 5; Doc. 32, p. 5]. Defendants note that the last act of which plaintiff complains occurred on August 11, 2018, but he did not file this lawsuit until June 9, 2021, more than one year later [Doc. 22, p. 5; Doc. 32, pp. 5–6].

The statute of limitations applicable to a § 1983 action is the statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Tennessee's statute of limitations for personal injury claims and for claims brought under federal civil rights statutes such as § 1983 is one year. *See* Tenn. Code Ann. § 28-3-104(a); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

"Federal law, however, controls the determination of when a civil rights action accrues." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). The statute of limitations generally begins to run when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Kovacic v. Cuyahoga Cnty. Dep't of Children and Family Servs.*, 606 F.3d 301, 307 (6th Cir. 2010) (quoting *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). "A plaintiff has reason to know of his injury

7

when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) (citations omitted).

Further, under the TGTLA, a county "is generally subject to suit for civil claims sounding in negligence with certain enumerated exceptions." *Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 851 (E.D. Tenn. 2011) (quoting *Campbell v. Anderson Cnty.*, 695 F. Supp. 2d 764, 777 (E.D. Tenn. 2010)).[2] Accordingly, plaintiff's state law claim of negligence is appropriately construed as raised under the TGTLA. And, similar to § 1983 claims, the TGTLA provides that an action in which the state has waived immunity, pursuant to the statute "must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b); *Chase v. White*, No. 3:16-cv-15762016 WL 7210155, at *12 (M.D. Tenn. Dec. 13, 2016) ("Actions brought under the TGTLA are governed by a one-year statute of limitations").

Here, it is clear from the complaint that plaintiff knew of his alleged injury by the latest, at the August 11, 2018, hearing at which various charges were allegedly dismissed [Doc. 1, pp. 5–6]. However, plaintiff did not file the instant action until June 9, 2021 [*see* Doc. 1], nearly three years after the latest court hearing where the alleged violations occurred. Accordingly, plaintiff's claims are barred by the applicable one-year statute of

---

[2] "While the TGTLA removes immunity for an injury proximately caused by a negligent act or omission of any employee within the scope of his employment, it also provides a list of exceptions (which prevents the municipality from being sued)." *Dillingham*, 809 F. Supp. 2d at 851 (internal quotation marks omitted). One such exception is "injuries that arise out of civil rights," which has been construed to include claims rising under § 1983. *Id.* (citing Tenn. Code Ann. § 29-20-205) (alterations omitted). Accordingly, it appears likely that all of plaintiff's claims are barred by sovereign immunity under the TGTLA. However, for the sake of brevity, the Court will address whether plaintiff's claims are barred even if appropriately raised under the TGTLA.

8

limitations for both § 1983 claims and TGTLA claims. Because plaintiff's claims are time-barred, defendants' motions to dismiss will be **GRANTED** on this ground, and plaintiff's claims will be **DISMISSED**.

### B. Section 1983 Claims

Defendants also argue that plaintiff indicates that he is suing various individuals in their official capacity, but an "official capacity" claim under § 1983 is a claim against the governmental entity itself, and the governmental entity may not be held liable under a theory of *respondeat superior* [Doc. 22, p. 6; Doc. 32, p. 6]. Defendants note that plaintiff must prove that a governmental policy, practice, or custom is the moving force behind the constitutional violation, but plaintiff has not alleged any policy, practice, or custom that caused any alleged constitutional violation [*Id.*]. Defendants also note that plaintiff has not alleged how the actions described in the complaint violated any constitutional right [Doc. 22, p. 7; Doc. 29, p. 7].

Section 1983's purpose is to guard against the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (quoting *United States v. Classic*, 313 U.S. 325, 326 (1941)). It provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

9

42 U.S.C. § 1983. Plaintiffs must plead and prove two elements to state a cause of action: (1) that a person has deprived him of a federal right, and (2) that the person has done so under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Notably, claims against a government official in their official capacity are properly treated as claims against the governmental entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Section 1983 does not support claims based on *respondeat superior*. *Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

Because plaintiff's claims are raised against all defendants in their official capacities, and all defendants are either government officials or government agencies, the claims are appropriate construed as against the government entity, Hamblen County, itself. However, the county cannot be liable under § 1983 on a theory of *respondeat superior*, and, instead, plaintiff is required to show that Hamblen County's policy or custom was the moving force behind the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. Plaintiff's complaint merely alleges that certain events took place in Hamblen County and involved Hamblen County officials [Doc. 1]. Plaintiff does not even attempt to allege that the supposed violations of his constitutional rights were caused by any Hamblen County

custom or policy. Accordingly, the Court finds that plaintiff has not stated an official-capacity claim for relief under § 1983 and defendants' motions to dismiss on this ground will be **GRANTED** for this alternate reason.

Further, even if plaintiff had alleged some custom or policy to support his official-capacity claims, he nonetheless has not met the threshold requirement of alleging that his federal constitutional rights were violated. Plaintiff merely alleges that county officials engaged in misconduct during the course of a criminal investigation and prosecution, but does not allege how such misconduct violated any specific federal constitutional right. Accordingly, plaintiff has not stated a claim under § 1983 that is plausible on its face, and, for this alternate reason, defendants' motions to dismiss plaintiff's § 1983 claims will be **GRANTED**.

## IV. Conclusion

The Court acknowledges that defendants have raised numerous other grounds for dismissal, however, in light of the conclusions above, the Court finds it unnecessary to expend further judicial time and resources addressing each ground. For the many alternate reasons discussed above, defendants' motions to dismiss [Docs. 21, 28, 31] are **GRANTED**. This matter will be **DISMISSED**. A separate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE